ECF CASE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
FREEPLAY MUSIC CORP.,                              :
                                                   :
                        Plaintiff,                 :   Index No.
                                                   :
                                                   :   **COMPLAINT**
            - against -                            :
                                                   :   **JURY TRIAL DEMANDED**
                                                   :
HAAS OUTDOORS, INC. and                            :
OUTDOOR CHANNEL, INC.,                             :
                                                   :
                        Defendants.                :
------------------------------------------------------------------x

Plaintiff Freeplay Music Corp., by its attorney, Christopher Serbagi, for its complaint against the above-named Defendants, alleges as follows:

## NATURE OF ACTION

1.    This is an action for federal copyright infringement and unfair competition arising from the Defendants' willful infringement of Plaintiff's copyrighted works.

## JURISDICTION AND VENUE

2.    This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338 and 15 U.S.C. § 1121(a).

3.    This Court has personal jurisdiction over the Defendant pursuant to C.P.L.R. § 302.

4.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).

## THE PARTIES

5. Plaintiff Freeplay Music Corp. ("Freeplay") is a New York corporation, whose principal place of business is 1650 Broadway, New York, New York.

6. Upon information and belief, Defendant Haas Outdoors, Inc. ("Haas") is a Mississippi corporation, with its principal place of business at 200 E. Main Street, P.O. Box 757, West Point, Mississippi.

7. Upon information and belief, Defendant Outdoor Channel, Inc. ("OCI") is a Nevada corporation, with its principal place of business at 43445 Business Park Drive, Suite 103, Temecula, California.

## ALLEGATIONS COMMON TO ALL COUNTS

8. Among other things, Freeplay offers an on-line music library, which is a comprehensive collection of High End Broadcast production music spanning all the popular musical genres, available for download either on-line or for purchase on portable Hard Drive. Freeplay's unique technology approach for reporting broadcast performances levels the playing field of time, date and duration broadcast performances, giving every composer represented in its Freeplay Music catalogue the same opportunity of equality and accuracy in music detection reporting to the performing rights societies (ASCAP, BMI and SESAC) never realized under today's current manual cue sheet reporting methods. Freeplay's vision and continued mission is to expand the scope and depth of the Freeplay Music Library, and introduce additional offerings that set new standards as well as meet the production music needs of creative professionals and users around the globe.

9. Freeplay owns copyright registrations for approximately 1,500 musical compositions and sound recordings (collectively, the "Sound Recordings") and has approximately eleven million users of its music library.

10. On information and belief, Defendant Haas is one of the country's largest manufacturers and distributors of camouflage fabric, clothing and accessories. Haas also, *inter alia*, produces television shows featuring outdoor activities, which reaches over forty million homes on a weekly basis. Haas Outdoors employs the brand name "Mossy Oak Productions" in connection with, *inter alia*, the outdoor television programming it produces.

11. On information and belief, OCI broadcasts programming featuring outdoor activities, including shooting, hunting, and fishing.

12. In written communications, Defendant Haas has admitted to producing, between 2004 and 2006, an estimated 312 episodes of programs which contain the Sound Recordings. Defendant Haas has admitted to arranging for the broadcast of these infringing programs to the Defendant OCI, who has broadcast them throughout the country, including New York. In particular, even judging by the incomplete cue sheets that Defendant Haas purports to have submitted to BMI, Defendant Haas has admitted to the unauthorized use of over 1,000 Freeplay Sound Recordings in its programs. Defendant Haas later stated, through its attorneys, that its use of the Sound Recordings was less extensive, but Defendant Haas has not retracted its admission that it has employed some of the Sound Recordings without Freeplay's consent, authorization or knowledge.

13. On information and belief, Defendants knew that they had no authorization to use the Sound Recordings, but chose to do so anyway. While Defendant Haas has alleged to Freeplay that they thought the Defendant OCI had a license with BMI to use Freeplay Sound

Recordings (which was not the case and which Defendant Haas had no basis to believe), it is indisputable that, because Defendant Haas had licensed from Freeplay in the past, it knew that, per Freeplay's terms of use, it did not have a license for the synchronization and master recording rights of the Sound Recordings.

14. Upon learning of Defendants' infringement, Freeplay attempted to negotiate a reasonable retroactive license and going forward license for all of 2009 in order to avoid the time and expense of litigation, but Defendant Haas and its lawyers failed to negotiate in good faith by offering reasonable compensation to Freeplay.

15. Freeplay has requested Defendant Haas to provide full details concerning its unauthorized use of the Sound Recordings, including the names and number of Freeplay song titles for each program, the duration of use and usage type, re-air and re-broadcast schedules, and complete show cue sheets as required by both the Freeplay terms of use and BMI, ASCAP, and SESAC. Defendant Haas has not provided this information to date so the extent of the Defendants' infringement of the Sound Recordings and the resulting damage to Freeplay is not yet known.

## CAUSES OF ACTION AGAINST DEFENDANTS

## FIRST CAUSE OF ACTION

### (FEDERAL COPYRIGHT INFRINGEMENT)

16. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 13, as if fully set forth herein.

17. As a result of the foregoing acts, Defendants have willfully and intentionally infringed Plaintiff's federal copyrights, all in violation of 17 U.S.C. § 501.

## SECOND CAUSE OF ACTION

### (FALSE DESIGNATION OF ORIGIN UNDER 15 U.S.C. § 1125(a))

18. Plaintiff repeats and re-alleges the allegations set forth in paragraphs 1 through 15, as if fully set forth herein.

19. The Defendants' unauthorized use of Freeplay's copyrighted material is likely to cause consumers to mistakenly believe that the Defendants have an affiliation with the Plaintiff, or that the Defendants' services are sponsored or approved by the Plaintiff, or that the Defendants are otherwise associated with or have obtained permission from Plaintiff to use the Sound Recordings.

WHEREFORE, Plaintiff demands:

20. Defendants' acts of copyright infringement and unfair competition have caused and are now causing irreparable injury to Plaintiff's goodwill and excellent reputation in an amount that cannot be ascertained at this time, and unless enjoined, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

21. By reason of the foregoing, Plaintiff is entitled to a preliminary injunction forcing the Defendants to cease distribution and broadcast of all infringing programs and, after trial, to recover any damages proven to have been caused by Defendants' infringing acts.

22. For statutory damages, lost profits, or any other damages provided by law.

23. For increased damages due to willful infringement in an amount of $150,000 per infringed work as provided by law.

24. For its reasonable attorney's fees and costs.

25.  For such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 21, 2006

                        LAW OFFICES OF CHRISTOPHER SERBAGI

                        By: *Christopher Serbagi*
                            Christopher Serbagi, Esq. (CS 7746)
                            488 Madison Avenue, Suite 1120
                            New York, New York 10022
                            (212) 593-2112

                            Attorney for the Plaintiff